[Civ. No. 1755.    Second Appellate District.—August 3, 1915.]

ROBERT J. DUNN, Respondent, v. C. D. WARDEN, Appellant.

FORECLOSURE OF MORTGAGE—EVIDENCE—ADMISSIONS—MOTION FOR NONSUIT.—A motion for nonsuit, in a suit to foreclose a mortgage, based upon the ground that plaintiff had failed to adduce evidence of the assignment of the note and mortgage, was properly denied, where the due execution and delivery of the note and mortgage and the due assignment thereof to plaintiff, all alleged in the verified complaint, were undenied by the unverified answer, as the admission of these facts rendered it unnecessary to offer any of the said documents in evidence.

ID.—CONSIDERATION—SUFFICIENCY OF EVIDENCE.—In this suit to foreclose a mortgage, it is held that the evidence was amply sufficient to sustain the finding of the trial court that the consideration for the execution and delivery of the note and mortgage in suit was the sum of five hundred dollars, and that the sum of three hundred dollars with interest thereon only had been paid.

APPEAL from a judgment of the Superior Court of San Bernardino County.    Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

C. D. Warden, *in pro per.*, for Appellant.

A. M. Foster, and Halsey W. Allen, for Respondent.

SHAW, J.—This is an appeal from a judgment entered in an action to foreclose a mortgage upon certain real estate, given to secure payment of a promissory note for five hundred dollars, therein described, upon which there had been paid the sum of three hundred dollars.    The note and mort-

gage were executed and delivered by defendant Whaley to defendant John P. Hight, Jr. Thereafter, and before institution of the suit, plaintiff Dunn by assignment acquired the note and mortgage, and defendant Warden acquired an interest in the real estate. The verified complaint was in the usual form in such cases, setting forth copies of the note and mortgage and alleging due assignment of the same to this plaintiff. Defendant Warden filed an unverified answer, specifically admitting ownership of an interest in the real estate and admitting the execution and delivery of the note and mortgage, and made no denial of the alleged assignment thereof to plaintiff.

The due execution and delivery of the note and mortgage and the due assignment thereof to plaintiff, all as alleged in the verified complaint, in the absence of any denial thereof, rendered it unnecessary to offer any of the said documents in evidence; hence defendant's motion for nonsuit based upon the ground that plaintiff had failed to produce evidence of the assignment of the note and mortgage to plaintiff, was properly denied.

The other defense pleaded was that the maker of the note and mortgage received only three hundred dollars in consideration thereof, and as it appeared from the complaint that three hundred dollars had been paid thereon, no further sum was due to the holder of said note. The court found the consideration for the execution and delivery of the note and mortgage to have been the sum of five hundred dollars, paid by plaintiff's assignor, John P. Hight, Jr., to the maker of the note; that three hundred dollars, with interest on said sum, and no more, had been paid thereon, and that the sum of two hundred dollars and interest from March 1, 1907, was then due and unpaid. Not only are these findings amply and conclusively supported by the evidence, but there is not a scintilla of evidence in support of the allegation contained in the answer; indeed there was apparently no effort made to produce such evidence. Seldom, indeed, is this court called upon to review a less meritorious case than that presented by the record herein. Section 957 of the Code of Civil Procedure, provides that when it appears to an appellate court that the appeal was made for delay, it may add to the costs such damages as may be just. While the appeal is without merit to a degree that renders it frivolous, nevertheless we cannot say that

the appellant, who acts as his own attorney, was cognizant of such fact, and therefore it cannot be said that he took the proceeding to delay execution of the judgment, which is affirmed.

Conrey, P. J., and James, J., concurred.